IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NICHOLAS FINLEY, individually and on behalf of all others similarly situated, | : <br> : CIVIL ACTION FILE NO. <br> : <br> : |
| *Plaintiff*, | : <br> : |
| | : **COMPLAINT – CLASS ACTION** |
| v. | : <br> : |
| MEDAHEALTH ASSOCIATES, INC., | : **JURY TRIAL DEMANDED** <br> : |
| *Defendant*. | : <br> : |

1. Nicholas Finley ("Plaintiff") brings this class action against Medahealth Associates, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer

to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Defendant made telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8. Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone from this district.

## Parties

9. Plaintiff is a natural person.

10. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a corporation with its principal place of business in this District.

12. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

13. As part of its business, Defendant places outbound calls using recorded messages.

## Factual Allegations

14. Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(732) 703-XXXX.

3

15. Plaintiff placed his number on the National Do Not Call Registry on July 8, 2023.

16. Plaintiff's number is his residential number.

17. Plaintiff's number is used for personal and non-business purposes.

18. Defendant began placing calls to telephone number (732) 703-XXXX in November 2024, or earlier.

19. Defendant placed calls to telephone number (732) 703-XXXX intending to reach someone other than Plaintiff.

20. Defendant placed at least three calls to telephone number (732) 703-XXXX in November and December of 2024.

21. The text messages are below:



22. Plaintiff did not provide Defendant with his telephone number or consent to place calls.

23. Defendant placed the subject calls to telephone number (732) 703-XXXX voluntarily.

24. Defendant placed the subject calls to telephone number (732) 703-XXXX under its own free will.

## Class Action Allegations

25. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) who did not provide their telephone number to Medahealth Associates, Inc. (2) to whom Medahealth Associates, Inc. delivered, or caused to be delivered, more than one voice message and/or text message within a 12-month period, promoting Medahealth Associates, Inc. goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Medahealth Associates, Inc. delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

26. Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

27. Upon information and belief, the members of the class are so numerous

that joinder of all of them is impracticable.

28. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

29. The class is ascertainable because it is defined by reference to objective criteria.

30. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

31. Plaintiff's claims are typical of the claims of the members of the class.

32. As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

33. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

34. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

35. Plaintiff suffered the same injuries as the members of the class.

36. Plaintiff will fairly and adequately protect the interests of the members of the class.

37. Plaintiff's interests in this matter are not directly or irrevocably

antagonistic to the interests of the members of the class.

38. Plaintiff will vigorously pursue the claims of the members of the class.

39. Plaintiff has retained counsel experienced and competent in class action litigation.

40. Plaintiff's counsel will vigorously pursue this matter.

41. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

42. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

43. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

   b. Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. Defendant's violations of the TCPA; and

   d. The availability of statutory penalties.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

45. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

46. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

47. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

48. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

49. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

50. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

51. There will be no extraordinary difficulty in the management of this action as a class action.

52. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

53. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-52.

54. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

55. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

56. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

57. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

58. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

59. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

60. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

61. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: January 1, 2025

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative class*

***Lead Counsel***